**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RAFAEL RUIZ,**

          **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-1856-Orl-35KRS**

**AMERICAN COACH LINES OF**
**ORLANDO, INC.,**

          **Defendant.**

_____

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 24)** |
| **FILED:** | **February 5, 2009** |

This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. In their joint motion, the parties represent that they have reached a settlement and seek Court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In *Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir., Jan. 13, 2009),[1] the Eleventh Circuit stated, albeit in dictum, that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or cost.'" *Id.* at *1. Therefore, in any case in which a plaintiff settles an FLSA claim for less than the full FLSA compensation and liquidated damages the plaintiff alleged to be due, the Court must conclude, absent evidence that the original assessment of damages was incorrect, that the plaintiff has compromised the FLSA claim within the meaning of *Lynn's Food Stores*.

The FLSA also provides for an award of a reasonable attorneys' fee. 29 U.S.C. § 216(b). A reasonable attorneys' fee is determined by the Court based on objective evidence, not by the parties' agreement regarding what is reasonable. *See Blanchard v. Bergeron*, 489 U.S. 87, 94-96 (1989). If the Court determines that the attorneys' fees, including costs, to be paid pursuant to a settlement agreement are not reasonable, the Court must consider whether the amount the plaintiff would have received in the settlement would have been greater if the attorneys' fees, including costs, were reduced to a reasonable amount. Thus, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 2009 WL 73164, at * 2. Accordingly, in order to determine whether a proposed settlement is reasonable, each plaintiff must disclose the extent to which the FLSA claims have, will, or could be compromised by deduction of attorneys' fees, including costs, pursuant to a agreement between the plaintiff and counsel or

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6. Although the mandate has not yet issued in the *Silva* case, the Court finds the opinion to be persuasive authority.

otherwise. *See Silva*, 2009 WL 73164; *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

With respect to the reasonableness of attorneys' fees, a plaintiff "'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999)(quoting *Norman v. Hous. Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988)). A plaintiff may not simply aver that a particular hourly rate is reasonable, but must offer independent evidence of the type required by *Norman* to support the reasonableness of this hourly rate in the relevant geographic area. Such evidence may include the opinion of an expert witness[2] and citation to cases in which other courts have established through an expressed lodestar analysis a reasonable hourly rate for the professional seeking fees in the relevant geographic area.

"[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman v. Hous. Auth.*, 836 F.2d at 1303. At a minimum, this requires submission of contemporaneously recorded time records showing the individual who performed the work, the description of the tasks performed, and the number of hours worked on each. In this regard, Plaintiff's counsel is advised that entries for drafting of boilerplate form documents and filings, non-compensable clerical work, and similar time-consuming entries will be closely scrutinized by the Court.

**Counsel for Plaintiff is reminded that a document preservation order remains in effect as to the time records in this case entered on or before January 5, 2009.** *See Varela v. Innovative*

---

[2] *See, e.g., Banner Group Corp. v. United States*, Case No. 6:06-cv-706-Orl-22KRS, Doc. No. 113-10 (expert witness declaration regarding reasonable attorney's fees).

***Writing Solutions, Inc.*, Case No. 6:07-cv-165-Orl-28KRS, doc. no. 64 (M.D. Fla. Jan. 5, 2009), which order is incorporated herein by reference. This document preservation order prohibits Plaintiffs' counsel, Morgan & Morgan, P.A. and others from changing the time records in any way, including altering the initials of the recorder or timekeeper or the hourly rate or amount. Failure to comply with that order may result in sanctions. See, e.g., Fed. R. Civ. P. 16(f).**

Accordingly, it is **ORDERED** that on or before February 27, 2009, counsel for Plaintiff shall file the following:

1. A sworn declaration that

    a. sets forth the calculation used to determine the precise final distribution of settlement funds among Plaintiff's FLSA compensation, liquidated damages (if any), and attorneys' fees and costs, after application of any agreement between Plaintiff and Plaintiff's counsel; and

    b. advises the Court whether and to what extent any agreement between Plaintiff and Plaintiff's counsel could decrease Plaintiff's recovery if the Court determines that a reasonable attorneys' fee, including costs, under the FLSA is less than the amount contemplated by the settlement agreement.

2. Evidence establishing that the attorneys' fee, including costs, contemplated by the fee agreement is reasonable, including a true and correct copy of a contemporaneously recorded time sheet detailing the work performed by counsel and other legal professionals, the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.), the number of hours spent

on each task, and evidence of the background, experience and reasonable hourly rate for each individual who performed any task for which compensation is sought, and evidence of the actual costs incurred.

**DONE** and **ORDERED** in Orlando, Florida on February 20, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE